UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON MILLER (#427562)                                                CIVIL ACTION

VERSUS

H.L. CHAPMAN, ET AL.                                                 NO. 13-0367-SDD-RLB

## NOTICE

  Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

  In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

  ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

  Signed in Baton Rouge, Louisiana, on April 7, 2014.

                    _____
                     RICHARD L. BOURGEOIS, JR.
                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHON MILLER (#427562)                                             CIVIL ACTION

VERSUS

H.L. CHAPMAN, ET AL.                                              NO. 13-0367-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. H. L. Chapman and Warden N. Burl Cain, complaining that the defendants have violated the plaintiff's constitutional rights by failing to provide him with safe and effective transportation, specifically by failing to provide transportation in a vehicle properly equipped to convey inmates who are confined to wheelchairs. The plaintiff further complains that, as a result of this failure, he sustained injury on June 27, 2012, when defendant Chapman "made a quick left turn" in a transport vehicle, causing the plaintiff's wheelchair to overturn.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim

has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he is a paraplegic inmate housed at LSP and that for many years, the prison has transported disabled inmates in vehicles that are not properly equipped for such transportation. The plaintiff alleges that, as a result, he and other inmates were transported in a van for a medical call-out on June 27, 2012, from which van the seats had been removed so as to accommodate the inmates' wheelchairs. According to the plaintiff, the wheelchairs were secured to the floor of the van with "old leather straps or flex cuffs" instead of with "proper tie-downs or [a] docking system." In addition, the plaintiff complains that he was not secured to his wheelchair with a seatbelt. Thereafter when the driver of the van, defendant Chapman, "made a quick left turn" while driving the van, the plaintiff's wheelchair toppled over, and he sustained injury when his head struck the van's wheelchair lift motor. The plaintiff asserts that the actions of the defendants have amounted to deliberate indifference to his health and safety and that the defendants have failed to comply with the Americans With Disabilities Act, the Rehabilitation Act, and with other state and federal statutes.

The plaintiff's allegations fail to rise to the level of a constitutional violation. In this regard, the Eighth Amendment to the United States Constitution prohibits only the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, in order for there to be liability under § 1983, a prison official must be found to have had a "sufficiently culpable state of mind." *See id.* at 297. Mere negligence is not enough. *Clerkley v. Roberts*, 278 Fed. Appx. 364, 365 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Accordingly, whether a claim is characterized as exposure to inhumane conditions of confinement, as a failure to attend to medical needs, or as a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle v. Gamble, supra*. In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Absent intentional conduct, an Eighth Amendment claim requires that a prison official have acted with deliberate indifference to the needs of the inmate, exposing the inmate to a substantial risk of serious harm." *Clerkley v. Roberts, supra*, 278 Fed. Appx. at 365 (rejecting an inmate's claim of injury resulting from exposure to equipment which was allegedly defective); *Baker v. Alford*, 2011 WL 2601516 (N.D. Tex. May 20, 2011) (rejecting an inmate's claim of injury resulting from the failure to provide an adequate stool for the inmate's use in exiting a vehicle); *Crayton v. Quarterman*, 2009 WL 3740650 (N.D. Tex. Nov. 6, 2009) (rejecting an inmate's claim of injury resulting from, *inter alia,* a failure to provide safe foot-ware).

Applying this test to the facts of the instant case, it appears that the plaintiff's allegations present a claim based more on an assertion of negligence than of deliberate indifference. The

plaintiff concedes in the instant case that on the date of the referenced accident, prison officials attempted to secure his wheelchair to the floor of the transport van with leather straps or flex cuffs, and although the plaintiff complains that these efforts were not sufficient, they reflect an attempt by prison officials to take action to protect the plaintiff's safety.  In addition, the plaintiff makes no assertion that the defendants were subjectively aware that their method of securing the wheelchair was unsafe, as for example through subjective knowledge the occurrence of other accidents or injuries.  Further, the United States Court of Appeals for the Fifth Circuit has concluded that a failure to provide tie-down straps to inmates transported in wheelchairs does not, without more, demonstrate a "subjective belief on the part of the defendants that [the inmate] was being placed at substantial risk of serious harm." *Crumbliss v. Darden*, 469 Fed. Appx. 325, 327 (5th Cir. 2012).  Similarly, the Fifth Circuit has concluded on numerous occasions that a mere failure to provide seatbelts to an inmate transported in restraints does not, without more, amount to deliberate indifference to the inmate's safety.  *See Cooks v. Crain*, 327 Fed. Appx. 493 (5th Cir. 2009); *Bell v. Norwood*, 325 Fed. Appx. 306 (5th Cir. 2009).  *See also Walls v. Kaho*, 2009 WL 901917 (S.D. Miss. March 31, 2009), and cases cited therein.

   In the instant case, the plaintiff has not alleged that defendant Chapman was driving the transport van recklessly, erratically or at an excessive rate of speed, and only states that the defendant "made a quick left turn" which caused the plaintiff's wheelchair to topple over. Further, the plaintiff does not allege that the defendants were aware of prior accidents involving inmates transported in vans containing inadequately secured wheelchairs.  To the contrary, the plaintiff asserts that prison officials had been transporting wheelchair-bound inmates for years in the manner described herein, and his allegations suggest that accidents had not in fact occurred and therefore were only foreseeable to potentially occur.  *See* Rec. Doc. 1-1 at p. 9 ("Under the

doctrine of natural and probable consequences, the Defendants knew or reasonably should have foreseen that injury, handicap, or even death would inevitably result from these actions"). Accordingly, the plaintiff's allegations do not bring his claim within the parameters of those few cases where inmates' claims have been allowed to proceed because the inmates alleged that the vehicles in which they were passengers were driven recklessly and that the defendants were aware of a pattern of wrongdoing, as where large numbers of inmates had previously suffered injury during transport.  *See Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013) (allowing case to proceed where the plaintiff alleged (1) that the defendant was "driving the van recklessly, darting in and out of traffic at high speeds," (2) that, according to an alleged statement by the defendant, similar incidents "happen[ed] all the time" and weren't "a big deal," and (3) that a similar incident, involving injuries to six inmates, had occurred only a week previously); *Johnson v. Thaler*, 2011 WL 4592384, *5 (S.D. Tex. Sept. 30, 2011) (recognizing that whereas allegations regarding a lack of seatbelts do not give rise to a constitutional claim, they may be allowed to proceed when combined with allegations of reckless driving or a pattern of prior incidents).  Therefore, in the absence of allegations that defendant Chapman was operating the referenced vehicle in an unsafe or erratic manner or that the defendants were aware of numerous prior accidents resulting from the alleged failure to provide appropriate restraints, the Court finds that the plaintiff's allegations fail to state a claim of constitutional dimension against the defendants and that this action should be dismissed as legally frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.[1]

---

1. The plaintiff also makes reference in his Complaint to the alleged violation of certain state statutes and prison regulations relative to the operation of state-owned vehicles and to a federal statute prohibiting the "mak[ing]] inoperative" of safety devices installed on or in motor vehicles.  *See* 49 U.S.C. § 30122(b).  However, a mere violation of state statutes or regulations is not actionable under § 1983, *see Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) ("[A]

The plaintiff also asserts a claim under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Both the ADA and the RA prohibit discrimination against qualified individuals with disabilities or the exclusion of qualified individuals with disabilities from services, programs or activities, with the ADA applying to public entities and with the RA applying to federally-funded programs and institutions. The ADA and the RA are judged under the same legal standards, and the same remedies are available under both Acts. *Demp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010). To establish a claim under these statutes, the plaintiff must show that he is a qualified individual under the Act, that he has been excluded from participation in or been denied the benefit of services, programs, or activities for which the defendants are responsible (or that he has otherwise been discriminated against by the defendants), and that the exclusion, denial of benefits, or discrimination was by reason of the disability. *See* 42 U.S.C. § 12132; *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

In the instant case, the plaintiff has failed to provide factual allegations which suggest that the defendants' actions in allegedly failing to provide a properly equipped transportation van amounted to discrimination based on his disability. In *Nottingham v. Richardson*, 499 Fed. Appx. 368 (5th Cir. 2012), the Fifth Circuit recently addressed the claim of an inmate who was transported in a van that was not handicap-accessible. The plaintiff in that case alleged that he fell from a bench in the van as a result and that, when he was unable to get up on his own, security officers left him on the floor of the van for 14 hours. In rejecting the plaintiff's claims

---

violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."); *Jackson v. Cain*, 864 F.2d 1235, 1252-53 (5th Cir. 1989), and the referenced federal statute, by it terms, applies only to motor vehicle manufacturers, distributors, dealers and repair businesses.

under the ADA, the Court first assumed that the plaintiff was a qualified disabled individual under the Act (because of his alleged limited ability to walk) but found that "he must still show that he was discriminated against based on that disability." *Id.* at 377.  The Court further concluded that although the plaintiff asserted that "he was discriminated against and not given safe transit as a disabled person," there was no basis for concluding that the alleged discrimination was based on the plaintiff's disability."  As further stated by the Court:

> The ADA is not violated by "a prison's simply failing to attend to the medical needs of its disabled prisoners.  There is no evidence that the allegedly improper action of leaving [the plaintiff] on the floor of the transit van had any connection to his alleged disability.  There is no indication that he was treated differently because of his disability.  He thus has not established a claim under the ADA.

*Id*.  In the instant case, similarly, the Court finds that the plaintiff has failed to allege that the defendants have discriminated against him because of his disability, and his claim under the ADA and RA must therefore be dismissed.  The Court further notes that the ADA "does not require a prison to make reasonable accommodations for inmates with disabilities, ... or create a right for a disabled inmate to demand that the prison implement a specific type of service, program, or activity that is not already available." *Perez v. Sheriff of Tangipahoa Parish*, 2011 WL 1226482, *12 (E.D. La. Feb. 28, 2011).[2]  Accordingly, the plaintiff fails to state a claim for either monetary or injunctive relief under the referenced statutes.

      Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this Court over his claims arising under state law.  A district court, however, may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state

---

      2. The Court also notes that documentation attached to the plaintiff's Complaint suggests that the prison has "since obtained a new handicap van," *see* Rec. Doc. 1-2 at p. 3, and the plaintiff's allegations also reflect that, after the occurrence of the incident complained of, he has been offered transport in a vehicle which has "a wheelchair welded to the floor," *see* Rec. Doc. 1-1 at p. 10.

law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having recommended that all of the plaintiff's federal claims be dismissed, the Court concludes that it is appropriate for the Court to decline the exercise of supplemental jurisdiction over the plaintiff's state law claims.

RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[3]

Signed in Baton Rouge, Louisiana, on April 7, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

3.  Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."