# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

SHON MILLER (#427562)

VERSUS

H.L. CHAPMAN, ET AL.

CIVIL ACTION

NO. 13-00367-SDD-RLB

## RULING

The Court has carefully considered the *Complaint*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Richard L. Bourgeois, Jr. dated April 7, 2014. For the following reasons, the Court hereby VACATES the *Report and Recommendation*[3] issued by the Magistrate.

## I.    BRIEF FACTUAL HISTORY

Shon Miller, the *pro se* Plaintiff in this civil rights action, is an inmate currently incarcerated at Louisiana State Penitentiary in Angola, Louisiana. Plaintiff, a paraplegic confined to a wheelchair, has alleged that on June 27, 2012 the prison transport van in which he was traveling to an off-campus medical facility lacked proper equipment to secure wheelchairs to the vehicle while traveling and seatbelts to secure him to his wheelchair. Plaintiff further alleges that, while en route to the medical facility, Defendant Sgt. H. L. Chapman made a quick left turn causing Plaintiff's wheelchair to fall over resulting in injuries to Plaintiff's head and elbow. In his *Complaint*, Plaintiff contends that his injury resulted from the deliberate indifference of the Defendants, Chapman and Warden N. Burl Cain, who were aware that the transport van was improperly equipped for transporting wheelchair bound inmates but continued to knowingly use the van for

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 7.
[3] Rec. Doc. 7.

such purposes disregarding the health and safety of disabled inmates.   Plaintiff claims

that the Defendant Chapman's intentional and knowing actions of violating federal law

and manufacturer's suggested use of the van amount to a violation of Plaintiff's Eighth

Amendment rights.   Plaintiff further contends that Defendant Cain has failed to assure

compliance with LSP's safety plan but, instead, has established a custom and practice

within the Department of committing safety violations while transporting disabled

offenders off-site.   Plaintiff alleges that the Defendants' failure to provide safe

transportation (e.g., using a van with proper tie-downs or docking system and seatbelts)

amounts to a violation of the Americans with Disabilities Act ("ADA") and the

Rehabilitation Act.   Plaintiff further seeks to invoke the Court's supplemental jurisdiction

over his state law claims.

## II.    LAW AND ANALYSIS

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a

violation of a right secured … by the Constitution or laws of the United States and a

violation of that right by one or more state actors."[4]    Pursuant to 28 U.S.C. §

1915(E)(2)(B)(i) and (ii), a district court shall dismiss an *in forma pauperis* complaint at

any time it determines that such complaint is frivolous, malicious, or fails to state a claim

upon which relief may be granted.   "A complaint is frivolous 'if it lacks an arguable basis

in law or fact.'   'A complaint lacks an arguable basis in law if it is based on an

indisputably meritless legal theory, such as if the complaint alleges the violation of a

legal interest which clearly does not exist.'"[5]   " A complaint lacks an arguable basis in

---

[4] *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).
[5] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)(quoting *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) and *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).

fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."[6]

The United States Supreme Court has explained the different treatment of federal complaints permitted to proceed on an *in forma pauperis* status. Unlike Rule 12(b)(6), the *in forma pauperis* statute "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[7] Clearly baseless claims have been described by the Supreme Court as being "fantastic or delusional scenarios."[8] However, a complaint may not be dismissed as frivolous "simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'"[9]

### A. Plaintiff's Eighth Amendment Claims

Plaintiff has asserted claims against the Defendants arising under the Eighth Amendment. In order for there to be liability under the Eighth Amendment, the prison official sued must have a "sufficiently capable state of mind;" which, "[i]n prison condition cases, that state of mind is one of deliberate indifference to inmate health or safety.[10] "Deliberate indifference to serious medical needs of prisoners, for instance,

---

[6] *Id.* (quoting *Talib*, 138 F.3d at 213).
[7] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)(quoting *Neitzke v. Williams*, 109 S.Ct. 1827, 1833 (1989)).
[8] *Id.*
[9] *Id.*, 33 (quoting Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).
[10] *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).

"constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."[11] However, "[d]eliberate indifference is an extremely high standard to meet."[12] Hence, allegations of malpractice and negligence will not state a claim under the Eighth Amendment.[13]

While Fifth Circuit jurisprudence instructs that an inmate's allegations of being deprived of seatbelts while being transported in restraints alone will not give rise to a constitutional claim,[14] when combined with allegations of reckless driving or a prior pattern of incidents, a viable claim may exist.[15] It is also well-established that allegations of *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers."[16] Additionally, "Rule 15 of the Federal Rules of Civil Procedure permits amendment once as a matter of course and otherwise provides that leave to amend should be freely given."[17] Liberally construing the Plaintiff's *pro se Complaint*,[18] the Court finds that his Eighth Amendment claim is based not only on the deprivation of safety restraints, but also Defendant Chapman's operation of the inmate transport van.[19]

Additionally, the Court finds that, while the Fifth Circuit did conclude in *Crumbliss v. Darden* that failure to provide tie-down straps to inmates transported in wheelchairs

---

[11] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 176 (1976), order vacated by 429 U.S. 875 (1976)).).

[12] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

[13] *Estelle*, 429 U.S. at 105.

[14] *Rogers v. Boatright*, 709 3d 403 (5th Cir. 2013).

[15] *Johnson v. Thaler*, 2011 WL 4592384, *5 (S.D. Tx. Sept. 30, 2011).

[16] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[17] *Bruce v. Little, et al.*, 2014 WL 1929588, *1 (5th Cir. May 15, 2014)(unpublished).

[18] *Lerma v. Falks*, 338 Fed.Appx. 472, at 474 (5th Cir. 2009)(quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

[19] Specifically, Plaintiff alleges that Chapman "made a quick left turn causing the wheelchairs and the offenders to topple over resulting in" his injuries. Rec. Doc. 1, p. 4.

does not, without more, demonstrate a "subjective belief on the part of the defendants that [the inmate] was being placed at substantial risk of serious harm," this finding was made at the summary judgment stage where evidence had been considered.[20]   As previously noted, this lawsuit is still in its infancy and discovery has not yet begun. Accordingly, the Court finds it would be in error to dismiss Plaintiff's Eighth Amendment claim, in this particular case, for this reason.  Considering Plaintiff's *Objections*[21] to the Magistrate's *Report and Recommendations*, the Court further finds that Plaintiff has not alleged his best case and should be permitted to amend his *Complaint*.[22]

### B.    Plaintiff's Discrimination Claims Based on His Disability

Plaintiff has also made claims arising under Title II of the ADA, which concerns public services, and the Rehabilitation Act ("RA").  "The ADA and RA provide that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[23]   To establish a cause of action under these federal statutes, the plaintiff must establish that he is a qualified individual under the Act, that he has been excluded from participation in or denied benefits of services, programs, or activities for which the public entity is responsible, and that such exclusion, denial of benefits, or discrimination is by reason of plaintiff's disability.[24]   Under Title II of the ADA, "discrimination may include a

---

[20] *Crumbliss v. Darden*, 2012 WL 1003563 (5th Cir. 2012)(unpublished).

[21] Rec. Doc. 8.

[22] *Brewster v. Drake*, 587 F.3d 764, at 767-68 (5th Cir. 2009)(Where plaintiff inmate proceeding *pro se* and *in forma pauperis* sought review of the dismissal of his Section 1983 action pursuant 28 U.S.C. § 1915(e)(2)(B)(i) the Fifth Circuit explained: "Generally, …, a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.  Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'")(internal citations omitted).

[23] 42 U.S.C. § 12132; 29 U.S.C. § 794(a).

[24] *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

defendant's failure to make reasonable accommodations to the needs of a disabled person."[25] "In the prison context, …, failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discrimination against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoners."[26] Nevertheless, "[t]he ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners."[27] In support of his allegations of discrimination, Plaintiff argues that "LSP has a responsibility under the law to provide a handicapped equipped van to transport handicapped inmates safely."[28] This allegation alone is insufficient to support a claim of discrimination based on Plaintiff's disability arising under the ADA and the RA. However, once again considering Plaintiff's *Objections* to the Magistrate Judge's *Report and Recommendation*, the Court finds that Plaintiff has not pled his best case. Therefore, Plaintiff shall be afforded the opportunity to amend his *Complaint* to correct his deficiencies and to allege, if he can, facts to support claims arising under the ADA and the Rehabilitation Act.

## III.    CONCLUSION

Accordingly, the Court hereby grants the Plaintiff twenty-one (21) days from the date of this *Order* to amend his *Complaint*.

Signed in Baton Rouge, Louisiana, on June 30, 2014.

_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[25] *McCoy v. Texas Dept. of Criminal Justice*, 2006 WL 2331055, *7 (S.D.Tx. Aug. 9, 2009)(citing Melton, 391 F.3d 669, 672(5th Cir. 2004).
[26] *Id.*
[27] *Nottingham v. Richardson*, 499 Fed.Appx. 368, at 377 (5th Cir. 2012).
[28] Rec. Doc. 1-1, p. 12.